No. 27,302.

OLIVER STODDARD, *Appellee,* v. THE CHICAGO, ROCK ISLAND
& PACIFIC RAILWAY COMPANY, *Appellant.*

(259 Pac. 683.)

SYLLABUS BY THE COURT.

RAILROADS—*Injuries to Trespasser—Negligence in Removal from Train—Evidence.* In an action by a father to recover damages for the death of his son, the record considered and held, the evidence was insufficient to show negligence on the part of the defendant or its trainmen.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed October 8, 1927. Reversed.

*Luther Burns* and *J. E. Du Mars,* both of Topeka, for the appellant.

*David F. Carson,* of Kansas City, *Paul D. Kitt* and *Elton L. Marshall,* both of Chillicothe, Mo., for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one by a father to recover damages for the death of his son. Plaintiff prevailed and defendant appeals.

On July 18, 1924, the plaintiff's son, Delno Stoddard, nineteen, and a friend, Fay Gray, left their homes in Missouri bound for the harvest fields in Kansas. They arrived in Kansas City, Mo., the following morning, had breakfast, took a street car to Armourdale, Kansas, and waited in the train yards for one of defendant's westbound trains. There was a double track, the south used by eastbound trains, the north by west-bound. They boarded a west-bound Rock Island train, consisting of about thirty empty fruit express cars, from the left or south side as it traveled west, ten or twelve cars from the engine. Gray crossed over to the north. Both climbed the ladders at the front end of the car to get on top. There was evidence that after they reached the top and had ridden for a short distance, a man approached from the rear end of the train, waved, and ordered them off the train; that they got off because they were afraid; that the fireman on an incoming east-bound train saw the pilot of the engine strike young Stoddard; that he died without regaining consciousness; that the east-and-west tracks at the point in question were eight feet apart; and that they curved at this particular place. On the part of the defendant there was evidence

Appeal and Error, 4 C. J. p. 857 n. 1 new. Railroads, 33 Cyc. p. 1087 n. 38; 32 L. R. A. n. s. 577; 22 R. C. L. 927.

showing that the head brakeman sat about the second car from the engine during the time in question; that the rear brakeman, after closing the switch from which the train moved, at or about the time the boys boarded it, got into the caboose, where he remained until the train reached Lawrence.

On behalf of the plaintiff it is argued that it was negligence on the part of the trainman to order the boys from the train at the place and under the circumstances because he was more familiar with the closeness of the tracks, knew there was a curve and that another train was likely to be or was approaching from the west which made it inherently dangerous for the deceased to attempt to alight. The defendant contends there was a total absence of a showing of negligence on the part of the defendant or its employees.

There was evidence that both trains at or about the time of the accident were running at a speed of about fifteen miles per hour. Fay Gray, the deceased's traveling companion, left the train from the north side in perfect safety. The deceased chose to leave the train on the south side and was hit and killed by an east-bound train running on the south track. There was no evidence showing the length of time he stood upon or in the vicinity of the track after alighting from the west-bound train, and no claim that the deceased met death through injuries inflicted by the train on which he had been riding, but that he met death from injuries inflicted by the east-bound train running on another track. So it is left largely to speculation and conjecture as to just how or why he was struck by the east-bound train. Granting that defendant's brakeman ordered the deceased from the train as claimed, it can hardly be said that it was negligence so to do because of the proximity of the south track or the approach of an east-bound train thereon. The deceased and his companion, being on top of the car, were in as good position to observe the approach of another train as was the brakeman. The brakeman did not tell the deceased to get down on the left side. He did that of his own volition. We have given careful consideration to the matter and conclude that no negligence was shown. This conclusion compels a reversal of the judgment.

The judgment is reversed and the cause remanded with instructions to render judgment for the defendant.

HOPKINS, J. (dissenting): I cannot concur in the conclusion reached by the majority of the court. Under all the circumstances,

it was inherently dangerous for the deceased to attempt to alight between the two trains, each running at fifteen miles per hour. The result itself proves that fact. The question as to whether or not the brakeman was more familiar with the situation than the deceased; that the brakeman undoubtedly knew the proximity of the east-bound track; knew that the tracks curved; that another train was likely to approach from the west and that it was in fact approaching; that it could be seen by the brakeman standing on top of the train, whereas the deceased sitting ten or twelve cars back from the engine possibly could not and did not see it, were all questions fairly to be considered by the jury in ascertaining whether the brakeman was negligent in ordering the deceased from the train at the time and under the circumstances. This court, in my opinion, is not justified in saying as a matter of law that there was no negligence.

JOHNSTON, C. J., joins in the dissent.